(13 Misc. Rep. 261.)

## SPARLING v. WACK.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.
　　A judgment rendered on conflicting evidence will not be disturbed on appeal.

Appeal from Eleventh district court.

Action by Leander Sparling against Louis Wack. Judgment in favor of plaintiff was rendered by the justice without a jury, and defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

De Legnel Berier, for appellant.

Elliott Williams, for respondent.

GIEGERICH, J. This action was brought to recover the value of a bicycle claimed to have been totally destroyed in a collision with a horse and wagon driven by one of the defendant's servants, such collision being alleged to have been caused by the negligence

of the latter.    The evidence adduced on the part of the plaintiff tended to show that while he was slowly riding a bicycle on an up grade in Fifty-Ninth street, between the easterly and westerly corners of said street and Seventh avenue, near the south rail of the car track on said street, he was run down, and his bicycle wrecked by the left hind wheel of the defendant's baker wagon, driven from an opposite direction at the rate of 10 miles an hour, and which suddenly changed its course upon approaching the plaintiff; that the latter did not have time, after he observed the defendant's driver had changed his course, to stop the bicycle, the plaintiff testifying that but five seconds elapsed from the time the driver of the baker's wagon had turned the horse on a line with him and the time he was struck; that at the time of the accident there was a cab at the southwest corner of Fifty-Ninth street and Seventh avenue, close to the south curb of said street, with the heads of the horses turned towards the west; and that a Columbus avenue horse car stood on the south track at said point, 15 feet from the place where the accident happened.    It also appeared from the testimony of an expert bicycle rider that a bicycle cannot be turned suddenly when close to a railroad track.    This was in corroboration of plaintiff's testimony that he could not turn by reason of his contiguity to the south rail of said tracks, which were an inch above the surface of the roadway.    The plaintiff testified: "Q.    Why didn't you get out of the way?    A.    There was no way.    If I turned into the car track, it would throw me off my bicycle, and he would run over me."    The defendant's evidence, on the other hand, contradicted that adduced upon the plaintiff's part; the same tending, among other things, to show that at the time of the accident the plaintiff was riding fast, but badly, and in the middle of the street, away from the car tracks; that plaintiff did not keep a straight course, and ran into the defendant's horse with his bicycle; that defendant's horse and wagon were on the south side of Fifty-Ninth street and kept on their course, and slowly turned into Seventh avenue. Plaintiff, in rebuttal, denied that he rode badly.    At the close of the evidence the defendant moved for judgment in favor of the defendant, on the ground that plaintiff had not shown himself to be free from contributory negligence.    The justice reserved his decision, but subsequently, and within the time prescribed by law, rendered a judgment in favor of the plaintiff for the full amount claimed.

There is sufficient evidence, in our opinion, as to the negligence of the defendant's driver, and as to plaintiff's freedom from negligence.    It is true that there is a conflict of evidence as to these questions; but, in the absence of the elements justifying a review, we see no reason for disturbing the justice's determination of the facts in relation thereto.    Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776.    The judgment should therefore be affirmed, with costs.